(74 App. Div. 231.)

### FLETCHER et al. v. McKEON et al.

(Supreme Court, Appellate Division, First Department.    July 8, 1902.)

1. CONTEMPT OF COURT—INTERFERENCE WITH RECEIVER.

On mortgage foreclosure there was an order appointing a receiver to collect rents from the tenants and enjoining the owner from collecting rents or interfering with the property. Thereafter notice of the application for a receiver was served by mail on the attorney for the owner, and he appeared, and opposed the application. A copy of the order of appointment was served on one claiming to have leased the premises, though he had not been a party to the action, but subsequently the summons was amended making him a party, and a copy served. Subsequently, on the advice of the attorney, the alleged lessee commenced proceedings to dispossess tenants. *Held*, that the attorney and alleged lessee were guilty of contempt.

2. SAME—RES JUDICATA.

On appeal from an order denying a motion to restrain one claiming to have leased certain premises from interfering with the receiver of the premises appointed on mortgage foreclosure the order was reversed, and the order of reversal provided that the receiver might resort to such remedy as he should be advised without prejudice to the determination had on a former application for the punishment of the lessee for contempt for interference,—which former application had been denied. *Held*, that the order on appeal was equivalent to an authority to renew the motion to punish for contempt, and such a motion was not barred by the former determination.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Austin B. Fletcher and another, as trustees, etc., against John McKeon and others. From an order adjudging Ignot Luft and another guilty of contempt, they appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Ralph Nathan, for appellants.

Joseph M. Lesser, for respondents.

INGRAHAM, J. This action was brought to foreclose a mortgage. On the 22d day of April, 1901, an order was entered appointing a receiver of the mortgaged premises, and directing the receiver to collect and receive from the tenants in possession of the premises all the rents thereof "now due and unpaid or hereafter to become due," directing the tenants in possession of such premises to attorn as such tenant or tenants to the said receiver, and to pay over to such receiver the rents of the premises, and enjoining the defendant Alma Gutman, her agents, servants, or attorneys, from collecting the rents of the premises, or from interfering in any manner with the property of the receiver. The appellant Luft claimed possession of these premises under an alleged lease by which he claimed to have leased the premises for one year from March 1, 1901, for $3,500, of which he alleged he paid in advance the sum of $1,548.32 for rent from March 1 to July 31, 1901. This order does not recite that notice of the application for the receiver was given to either of the defendants, but from the affidavit of Mr. Lesser, an attorney in the employ of the plaintiff's attorney, it appeared that on the

77 N.Y.S.—30

11th day of April, 1901, notice of the plaintiff's application for a receiver was served by mail upon the appellant Nathan, who had represented himself to be the attorney for the defendant Alma Gutman, who was the record owner of the mortgaged premises; that on the 22d day of April, 1901, the appellant Nathan appeared in court, and opposed orally the granting of the application. Mr. Justice Andrews, before whom this application was made, announced at the time of the hearing that he would grant the motion, and an order on the same day was signed appointing Robinson receiver. That on the 24th day of April, 1901, the receiver qualified by filing his bond, and from thenceforth acted as receiver. That on the 6th of May, 1901, a copy of this order appointing Robinson receiver was served upon the appellant Luft at his residence, a copy of the order being left with said Luft, and at the same time a certified copy of the said order was exhibited to him. Luft at this time was not a party to the action. On May 7th the summons was amended by making Luft a party defendant, and on the 9th day of May, 1901, a copy of the summons and notice of the object of the action were served upon him. It also appeared that proceedings to dispossess tenants in the building for nonpayment of rent were instituted by Luft by the advice of the appellant Nathan, and, after Luft had been made a defendant and the summons served on him, Nathan, as attorney for Luft, pressed such proceedings, and a warrant was issued; that subsequently there was a sale of the premises, leaving a deficiency. There is no question but that the defendant Luft and his attorney, Nathan, had knowledge of the appointment of the receiver, and that any interference with the receiver in the possession of the premises after Luft had been served with the summons was a contempt of court, and rendered both the defendant Luft and his attorney, Nathan, liable to punishment therefor. Whether Luft had a lease of the premises from the owner in good faith or not, he had no right to interfere with the property which the court had taken into its possession; and it appears that after he had been made a party to the action and had been served with the summons he continued his interference with the possession of the receiver. If the receivership did not apply to his interest in the property, and he wished to obtain these rents, it was his duty to make an application to the court, and not, in defiance of the order of the court, interfere with the possession of the property by the receiver. In his affidavit Luft admits that he collected $160 for the month of June and $150 for the month of July. The order appealed from adjudges Luft and Nathan, his attorney, in contempt, and appoints a referee to ascertain the amount of damage sustained by the plaintiff and the receiver by reason of the misconduct of Luft and his attorney. Under the circumstances disclosed in this case we think this order was properly granted, and that the amount of the fine to be imposed for the contempt is to be determined by the court upon considering the referee's report.

It is claimed, however, that a former order denying a motion to punish the appellants for contempt is a bar to this application. On an appeal to this court from an order denying a motion for an in-

junction against Luft that order was reversed, and the order of reversal provided that the receiver may resort to such remedy as he is advised, without prejudice to the determination had upon the former application of said receiver for the punishment of Luft for contempt of court. 75 N. Y. Supp. 817. This was equivalent to an authority to renew the motion to punish for contempt, and justified the court in determining the application as if the prior motion to punish had not been made.

We think, therefore, that the order should be affirmed, with $10 costs and disbursements.

PATTERSON, HATCH, and LAUGHLIN, JJ., concur. VAN BRUNT, P. J., dissents.